# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 1, 2021

Lyle W. Cayce
Clerk

No. 20-60169

VALERIE GARCIA,

*Petitioner*,

*versus*

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; UNITED
STATES OF AMERICA,

*Respondents*.

Petition for Review of an Order of the
Equal Employment Opportunity Commission
EEOC No. 451 2019 00933

Before CLEMENT, HAYNES, and WILSON, *Circuit Judges*.

PER CURIAM:*

Valerie M. Garcia served two terms as an appointed municipal judge
in Brownsville, Texas. Following the expiration of her second term, she was
not reappointed. She contends that her tenure was allowed to lapse because
she raised concerns regarding pay disparity based on her gender. After filing

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

various claims with the Equal Employment Opportunity Commission (EEOC), the EEOC dismissed Garcia's claims for unlawful discrimination and retaliation in violation of the Government Employee Rights Act (GERA). *See* 42 U.S.C. § 2000e-16c.  Garcia now petitions for review of the EEOC's decision.  Finding no basis for redress of her alleged injury under GERA,[1] we DENY the petition.

## I.

Valerie Garcia served as an Associate Municipal Judge in the City of Brownsville, Texas.  As her second two-year term expired in the summer of 2018, the City had ninety days to notify her whether she would be reappointed by the city manager, who was vested with the authority to appoint (and reappoint) judges like Garcia.  *See* BROWNSVILLE, TEX., CODE OF ORDINANCES, subpart A, ch. 66 § 66-6(a) ("The city manager shall appoint . . . the associate judges . . . to the municipal court.").  She met with the City's court administrator to discuss her potential reappointment; their discussion led her to believe she would be reappointed for a third term without controversy.  Shortly afterward, she and the court administrator met again—this time to discuss Garcia's concerns over her pay.  Garcia raised alleged disparities between her compensation and that of the other similarly-titled judges, all men.  She alleges that the court administrator confirmed her suspicions: she was paid less than her male colleagues, but the presiding judge had noted funds were available to compensate her for this difference.

Roughly two months later, Garcia received a letter from the interim city manager informing her that she would not be reappointed as a municipal

---

[1] Garcia only appealed the EEOC's dismissal of her allegations of discrimination and retaliation in violation of GERA.  She has not administratively exhausted her other claims asserted under Title VII and the Equal Pay Act.

judge.[2] Garcia filed charges of discrimination against the City with the EEOC, alleging that she was discriminated against based on sex and retaliated against for reporting the pay discrepancies in violation of GERA; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; and the Equal Pay Act, 29 U.S.C. § 206(d).

Relevant to this appeal, Garcia's attorney requested a hearing before an administrative law judge (ALJ) based on her GERA claims. The EEOC's San Antonio Field Office responded, noting GERA did not apply to Garcia, and accordingly, it denied her request for a hearing. Three months later, the EEOC's Office of Field Programs (OFP) sent a follow-up letter clarifying why Garcia's claims were not covered under GERA, stating she "cannot be covered by GERA unless [her position was] exempt from the provisions of Title VII." OFP further explained GERA's inapplicability because the city manager who appointed Garcia was not an elected official under 42 U.S.C. § 2000e(f), § 2000e-16c(a), and 29 C.F.R. § 1603.101. Garcia then appealed OFP's determinations regarding her GERA claims to the EEOC, pursuant to 29 C.F.R. § 1603.301, and the EEOC affirmed, entering a final decision dismissing Garcia's GERA claims. *See* 29 C.F.R. § 1603.304.

Garcia petitions for review of the EEOC's final order dismissing her GERA claims. Because she has not exhausted her administrative remedies on any of her other claims, the sole issue before the court is whether Garcia can properly assert a claim under GERA.

---

[2] Garcia does not contend that an interim city manager has different powers than an otherwise appointed city manager, nor does she allege the interim city manager here was improperly placed in office. The City's ordinances provide the city manager the ability to designate "a qualified administrative officer of the city to perform his duties during his absence." BROWNSVILLE, TEX., CODE OF ORDINANCES, part I, art. V, § 20.

No. 20-60169

## II.

After entry of a final order in a matter before the EEOC, aggrieved parties may petition for review of the order in a court of appeals with proper venue. 42 U.S.C. § 2000e-16c(c). Here, we have jurisdiction over Garcia's appeal because she challenges a final order under 29 C.F.R. §§ 1603.304(d), 1603.306. While the EEOC has not finally decided her other claims, the EEOC's order disposed of Garcia's GERA claims entirely, and Garcia's petition for review is otherwise properly before us. On review, "we can set aside the EEOC's final order only if it was 'arbitrary, capricious, an abuse of discretion, or otherwise not consistent with law.'" *Brazoria Cnty. v. EEOC*, 391 F.3d 685, 689 (5th Cir. 2004) (quoting 42 U.S.C. § 2000e-16c(d)(1)).

## III.

## A.

GERA provides a workplace discrimination remedy to certain employees otherwise exempted from Title VII, specifically "those excluded from [Title VII's] definition of employee." *Id.* (internal quotation marks omitted). Critical to Garcia's claims, however, GERA only covers "any individual chosen or appointed, *by a person elected to public office . . . .*" 42 U.S.C. § 2000e-16c(a) (emphasis added). So to qualify for coverage under GERA, an individual must first be chosen or appointed by someone who won an election. Employees who are chosen or appointed by an elected official must then meet one of three additional qualifications, such as serving the elected official as a policymaker. *See* § 2000e-16c(a)(2).

Garcia contends her claims are covered under GERA because she is a policymaking official not otherwise covered under Title VII. She repeatedly acknowledges that her claims do not fall under Title VII because she does not

4

qualify as an employee for its purposes.[3]  Instead, she argues GERA provides her a path to relief because GERA was enacted to fill statutory gaps in Title VII.  She cites the case of a state magistrate judge held to be covered by GERA for the proposition that she, as a municipal judge, is similarly covered.  *See Crowder v. N.C. Admin. Office of the Cts.*, 374 F. Supp. 3d. 539, 545 (E.D.N.C. 2019).

The EEOC primarily responds that Garcia's appointment by an unelected official prohibits her being covered by GERA.  The Brownsville Code of Ordinances vests the city manager with authority to appoint associate judges to the City's municipal courts.  Brownsville, Tex., Code of Ordinances, subpart A, ch. 66 § 66-6(a).  The city manager, in turn, is also an appointed position—chosen by the city commission.  *Id.* at part I, art. V, § 20.  As Garcia was appointed by an appointed official, the EEOC reasons, her claim must fail.

We agree with the EEOC.  Even if we accepted Garcia's contention that she is a policymaking official, the fact that she was not selected for her job by an elected official is fatal to any claim under GERA.[4]  This difference illustrates why Garcia's reliance on *Crowder* does not support her case.  In *Crowder*, the plaintiff was a policymaking employee appointed by an elected official and, therefore, fell within the express parameters of GERA.  *See* 374 F. Supp. 3d at 541; *see also* N.C. Judicial Branch, *Court Officials*, https://www.nccourts.gov/learn/court-officials ("Magistrates are not

---

[3] Garcia alleged Title VII claims as a part of her original EEOC complaint, but, as noted, they remain pending before the EEOC and are not a part of this appeal.

[4] In her reply brief, Garcia alleges that the city manager who appointed her was merely an "agent" of the elected commissioners such that she was, in her view, appointed by the elected commissioners.  In addition to having waived this argument by failing to raise it in her opening brief, she fails to cite any authority supporting this argument.

elected, but are . . . appointed by the senior resident superior court judge . . . . Superior court judges are elected by the voters in their district.") (last accessed Jun. 29, 2021). Garcia does not affirmatively allege that she was appointed by an elected official; she only argues she should be covered by GERA because she is a policymaking official. She further does not contest the EEOC's repeated assertions that Garcia was appointed by the city manager—himself an appointed individual.

By its own terms, GERA does not cover employees unless they are "chosen or appointed" by an elected official. 42 U.S.C. § 2000e-16c(a). Lacking this pathway to her employment, Garcia cannot state a claim for relief under GERA. The EEOC therefore properly dismissed Garcia's claims.

**B.**

Garcia also asserts a due process claim, arguing she was deprived of both her liberty interest in having a hearing before an ALJ and her property interest in her continued employment as a municipal judge. As discussed above, Garcia lacks a statutory basis to assert a right to relief under GERA. Insofar as her procedural due process rights are concerned, she was provided with the opportunity to assert her claims before the EEOC. Garcia's due process rights are not violated merely because the EEOC determined she lacked any claim under GERA and dismissed those claims in advance of a hearing.

Along those lines, her alleged due process violation relating to her property interest in continued employment gets to the core issue of her remaining employment claims—whether she was unlawfully discriminated against under Title VII or the Equal Pay Act. Neither of those claims were pressed to finality before the EEOC, and Garcia does not appeal them here. *See* 42 U.S.C. § 2000e-16c(c). Because we do not consider those issues in

No. 20-60169

this appeal, as they are not ripe, we do not consider her assertion of a property interest in her continued employment.  *See Lopez v. City of Hous.*, 617 F.3d 336, 341 (5th Cir. 2010) ("A court should dismiss a case for lack of ripeness when the case is abstract or hypothetical." (citation and internal quotation marks omitted)); *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000) ("[A] case is not ripe if further factual development is required." (citation omitted)).

PETITION DENIED.